IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| GAIL COGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORIGA, LLC,<br><br>    Defendant. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Family Dollar Stores of Georgia, LLC., by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia designated as Civil Action File No. 22-C-04757-S6.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on August 23, 2022. Family Dollar Stores of Georgia, LLC has not been served, and thus timely files this Petition for Removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

4. Family Dollar Stores of Georgia, LLC, is a foreign limited liability company, which has a single member – Family Dollar Stores, Inc, a foreign corporation formed under the laws of the State of Delaware and has its principal place of business in the State of Virginia. Thus, Family Dollar Stores of Georgia, LLC, is a citizen of the States of Delaware and Virginia. Defendant was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

5. Plaintiff, Gail Coggins, is a citizen of Georgia.

6. In addition to establishing diversity of citizenship amongst the partis, the removing party must also prove that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. In Ms. Coggins's Renewal Complaint for Damages, that she slipped and fell on March 7, 2019, sustaining bodily injuries. [Compl. ¶7]. Ms. Coggins is also claiming that as a result of this fall, Family Dollar is indebted to her for compensatory damages, past, present and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; lost wages and loss of earning capacity; attorney's fees; and expenses of litigation. [Compl. ¶¶ 20]. Ms. Coggins alleged that she has incurred in excess of $55,000.00 in past medical expenses. [Compl. ¶ 19].

8. In her formal pre-suit demand, she alleges she initially treated in the emergency room after the subject fall, complaining of right hip and right leg pain. She then sought follow-up treatment on March 15, 2019, with complaints of pain in her thigh. Specifically, she claimed it was painful to bend her thigh. Ultimately, she was referred to an orthopedic doctor and discharged with prescriptions for medication and a knee immobilizer. A few days later, she started treating at Regional Medical Group. After some follow-up treatment, she treated with Dr. Eric Steenlage, who recommended she have right knee surgery for a meniscal tear, debridement, and chondroplasty. Ms. Coggins alleges this future knee surgery will cost $61,000. In the pre-suit demand letter, she claims her special damages claim will exceed $93,000. Ms. Coggins's demand is attached as Exhibit "B."

During her first lawsuit (1:20-CV-03912-TWT (Doc. 11), she filed initial disclosures detailing medical specials exceeding $39,000. She also provided the attached discovery responses that outlined her injuries. (Attached hereto as Exhibit "C" are her Interrogatory responses). Of note, she described her current state of her injuries, stating she is no longer able to work part time as a crossing guard and how it is painful to walk for exercise, drive long distances, attend social events, and she cannot stand for a long period of time. She further represented in her written discovery responses that she never prior issues with her knees.

Finally, in her deposition in the first case, she detailed how this injury has impacted her life. (Attached hereto as Exhibit "D" is a copy of her deposition).

Within the last few weeks, the Parties mediated the case and Ms. Coggins initially demanded $2,000,000 to settle her claim. The Parties did not resolve the case at mediation but Ms. Coggins' last demand exceeded the jurisdictional minimum of $75,000. See Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (citing to Lowery, 483 F.3d at 1212 n.62).

In Harris v. Bloomin' Brands, Inc., 1:18-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back,

neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, similar to the Plaintiff in Harris, Ms. Coggins alleges that she sustained severe injuries as a result of this fall, and she may require future medical treatments. Further, Ms. Coggins has already incurred medical bills five times more than the plaintiff in Harris and anticipates more treatments. These allegations are similar to the allegations in both Harris and Johnson. Accordingly, based on these similarities to these recent cases, it is clear that the jurisdictional minimum is met here.

9.     Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a). A copy of the Notice of Removal is attached hereto as Exhibit "E."

11. A copy of the answer filed in State Court is attached hereto as Exhibit "F."

WHEREFORE the Defendant prays the above action now pending before the State Court of Gwinnett County, Georgia be removed to this Court's jurisdiction.

This 30th day of August, 2022.

> Goodman McGuffey LLP
> Attorneys for Family Dollar Stores of Georgia, LLC
>
> By:  */s/ James T. Hankins, III*_____
> JAMES T. HANKINS, III
> GA State Bar No.  188771
> jhankins@GM-LLP.com
> AVRIL P. CALHOUN
> GA State Bar No.  574812
> ACalhoun@GM-LLP.com
> 3340 Peachtree Road NE, Suite 2100
> Atlanta, GA 30326-1084
> (404) 264-1500 Phone
> (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| GAIL COGGINS,<br><br>    Plaintiff,<br><br>v.<br><br> FAMILY DOLLAR STORES OF GEORIGA, LLC,<br><br>    Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Family Dollar's Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Daphne Duplessis Saddler, Esq.
Foy & Associates, P.C.
3343 Peachtree Rd NE, Suite 350
Atlanta, GA 30326
dsaddler@johnfoy.com

This 30th day of August, 2022.

*/s/ James T. Hankins, III*
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@GM-LLP.com
AVRIL P. CALHOUN
GA State Bar No.  574812
ACalhoun@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax
