# EXHIBIT "A"

Case 1:22-cv-03500-VMC   Document 1-1   Filed 08/30/22   Page 2 of 9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04757-S6**
**8/23/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☐ State Court of _____ County

| **For Clerk Use Only** | |
|---|---|
| Date Filed _____ | 22-C-04757-S6 |
| MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix

**Defendant(s)**

_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix
_____
Last        First        Middle I.        Suffix        Prefix

**Plaintiff's Attorney** _____   **Bar Number** _____   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____                    _____
**Case Number**                             **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04757-S6**
**8/23/2022 12:53 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

_____

_____

_____

CIVIL ACTION NUMBER: 22-C-04757-S6

PLAINTIFF

VS.

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:




an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20\_\_\_\_\_ .

23rd day of August, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

Case 1:22-cv-03500-VMC   Document 1-1   Filed 08/30/22   Page 4 of 9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04757-S6**
**8/23/2022 12:53 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

22-C-04757-S6

| | |
|---|---|
| **GAIL COGGINS,** <br><br> **PLAINTIFF,** <br> v. <br><br> **FAMILY DOLLAR STORES OF GEORGIA, LLC,** <br><br> **DEFENDANTS.** | Civil Action File_____ <br><br> No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

Plaintiff GAIL COGGINS [*hereinafter* "Plaintiff"] brings this Complaint against the above-named Defendant, FAMILY DOLLAR STORES OF GEORGIA, LLC and represents to the Court as follows:

### I. RENEWAL ACTION

1.

Pursuant to O.C.G.A. § 9-2-61, this action is a recommencement and renewal of a prior action between the parties, Gwinnett County State Court, Civil Action Number 20-C-05620-S6, subsequently removed to Federal Court, Civil Action No. 1:20-CV-03912-TWT ("Prior Action"). The Prior Action was brought within the applicable statute of limitations and was dismissed without prejudice on August 4, 2022. The above-styled renewal action was brought within six months of the dismissal of the Prior Action as required by O.C.G.A. § 9-2-61, and this renewal action involves the same allegations as the Prior Action. The above-styled renewal action is not barred by the statute of limitations, and all conditions precedent to this action have been fulfilled.

## II. PARTIES AND JURISDICTION

2.

Plaintiff is a resident of the State of Georgia.

3.

Defendant FAMILY DOLLAR STORES OF GEORGIA, LLC [*hereinafter* "Family Dollar"] is a foreign profit having a principal place of business of business at 500 Volvo Parkway, Chesapeake, VA 23320.  Family Dollar has an entity, The Corporation Service Company, as a registered agent for service of process, which maintains a registered agent address of 40 Technology Parkway South, #300, Norcross, GA 30092, Gwinnett County.  Service of process may be made upon its registered agent.

4.

Defendants maintain a registered agent office in Gwinnett County.  Venue is proper in this Court pursuant to O.C.G.A § 14-2-510 (b)(1).

## III. NEGLIGENCE

5.

Plaintiff incorporates by reference paragraphs 1 through 4 above as if they were restated herein verbatim.

6.

On or about March 7, 2019, Plaintiff was an invitee at Family Dollar, Store No. 8649 located at 1355 East-West Connector Ste. Austell, GA 30106 (*hereinafter* "Premises or Property").

7.

On or about March 7, 2019, Plaintiff was at the cash register when the cashier ringing up Plaintiff's items dropped a bottle of bleach, causing the bleach to spill and Plaintiff to slip and fall on the spilled bleach. Plaintiff sustained bodily injuries as a result thereof.

8.

At all relevant times, Defendants occupied, managed, maintained, owned or leased the Premises and owed a duty of ordinary care to keep the Premises in a safe condition.

9.

At all relevant times, Defendants breached their duty of ordinary care by dropping the bottle of bleach and creating a hazardous condition.

10.

Under the substantive law of Georgia, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

11.

At all relevant times, Defendants breached their duty of care under o O.C.G.A. § 51-3-1, by failing to inspect and take safety measures to ensure the Premises was in a safe condition.

12.

At all relevant times, Defendants had actual and/or constructive knowledge of the hazard posed by the spilled bleach.

13.

At all relevant times, Defendants were negligent in failing to take adequate measures to warn or protect invitees, guests, and patrons from the unforeseen hazard presented by dropping a bottle of bleach.

14.

As the result of Defendants' negligence, Plaintiff suffered serious physical injury.

15.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

16.

Defendants are responsible for the acts and omissions of their employees pursuant to the Doctrine of *Respondeat Superior,* agency or apparent agency, and O.C.G.A. § 51-2-2.

## **IV. DAMAGES**

17.

Plaintiff incorporates by reference thereto each and every preceding paragraph of the within Complaint and re-alleges those averments herein as if the same were more fully set forth verbatim.

18.

As a direct and proximate result of the negligent acts and omissions by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering.

19.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred in excess of $55,000, in past medical expenses.

20.

Defendants are indebted to Plaintiff for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and loss of earning capacity; attorney's fees; expenses of litigation; and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff prays:

a. That process issue according to law;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a **trial by jury** in this matter;

d. That judgment be entered in favor of Plaintiff against the Defendants for personal injuries sustained and for physical, mental pain and suffering, past, present and future, in an amount to be determined by the enlightened conscience of an impartial jury;

e. That judgment be entered in favor of Plaintiff against the Defendant for medical expenses and lost wages with the exact amount of damages to be proven at trial;

f. That Plaintiff have such further relief as the Court may deem just and proper.

This 22nd day of August 2022.

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602

Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 873-4490

Page **6** of **6**